# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ROBERT JONES, )
)
    Plaintiff, )
)
v. ) No. 4:11CV282 FRB
)
BRIAN WALKER, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Additionally, the Court will order plaintiff to show cause why this action should not be summarily dismissed as time-barred.

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. E.g., Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., for alleged race discrimination and retaliation during his employment at St. John's Medical Center. Plaintiff attached a right to sue from the Equal Employment Opportunity Commission ("EEOC") to his complaint, which was mailed to plaintiff on March 16, 2007. Plaintiff filed this lawsuit on February 11, 2011. Plaintiff's complaint is inadequate in several respects, as outlined below.

First and foremost, the Court notes that the right to sue, and accompanying charge of discrimination, names Barnes Jewish Hospital as the respondent. If plaintiff wishes to bring a lawsuit against St. John's Medical Center (the employer he complains of in his complaint), he must have a right to sue letter from the EEOC that names that entity, as this is a prerequisite to the filing of a civil suit. Plaintiff's failure to provide a right to sue letter naming St. John's as the respondent is fatal to the instant lawsuit.

Moreover, even if the attached right to sue is, in fact, relating to the actions complained of in the complaint, the Court notes that the instant action is likely time-barred. A plaintiff in an action under Title VII has ninety days from receipt of the right to sue letter to file a civil action. 42 U.S.C. § 2000e-5(f). Failure to file a timely civil action warrants dismissal of the complaint. See, e.g., Braxton v. Bi-State Development Agency, 728 F.2d 1105, 1108 (8th Cir. 1984); Williams v. Thomson Corp., 383 F.3d

789, 790-91 (8th Cir. 2004). Plaintiff presumably received his right to sue letter almost four years ago, way past the statute of limitations. As a result, the complaint appears to be time-barred.

Additionally, plaintiff names three individual defendants in this action: Brian Walker, Lois Dotson and Mary Cromeens, but he has not named his employer, St. John's Medical Center, as a defendant. Title VII provides a remedy only against an "employer." The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446, 447 (8th Cir. 1997) (citing Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); see Bales v. Wal-Mart Stores Inc., 143 F.3d 1103, 1111 (8th Cir. 1998). Accordingly, as currently pleaded, plaintiff's complaint fails to state a claim upon which relief may be granted.

Lastly, the Court notes that on plaintiff's charge of discrimination he filed with the EEOC, he complained only of sex discrimination, but did not mention his belief, as outlined in the instant complaint, that he had been discriminated against by his supervisors at St. John's on the basis of his race and in retaliation for engaging in protected behavior. A plaintiff's claims in court must be like or reasonably related to the claims outlined in his administrative charge or they will be subject to dismissal for

failure to exhaust administrative remedies.  See, e.g., Duncan v. Delta Consolidated Indus., Inc., 371 F.3d 1020, 1024 (8th Cir. 2004).  Thus, even if this case was not time-barred, it would likely be subject to dismissal for this reason.

Because plaintiff is pro se, the Court will give plaintiff the opportunity to show cause why the case should not be dismissed as time-barred or for his failure to exhaust his administrative remedies with respect to his race discrimination and retaliation claims.  Failure to respond to this Order or failure to show adequate cause will result in the dismissal of this case.

Accordingly

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why this case should not be dismissed as time-barred.

Dated this 28th day of March, 2011.

*Frederick R. Buckles*
FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE