# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV282 FRB |
| | ) | |
| BRIAN WALKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's response to the Court's March 28, 2011 Order to Show Cause as to why this action should not be dismissed for his failure to exhaust administrative remedies. Having reviewed plaintiff's response and the corresponding record, the Court will dismiss the instant action pursuant to 28 U.S.C. § 1915.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., for alleged race discrimination and retaliation during his employment at St. John's Medical Center. As plaintiff is proceeding in forma pauperis, the Court is required to review the complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim.

As the Court noted in its Order to Show Cause, although plaintiff submitted a notice of right to sue from the Equal Employment Opportunity Commission

("EEOC"), the right to sue named Barnes Jewish Hospital as the respondent, not the defendants named in the instant action. In his response to show cause, plaintiff has failed to explain this discrepancy or submit a right to sue wherein the defendants are named as the respondent. Plaintiff's failure to provide a right to sue naming St. John's as the respondent is fatal to the instant lawsuit.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to be issued on plaintiff's complaint as it is subject to dismissal under 28 U.S.C. § 1915 for plaintiff's failure to properly exhaust his administrative remedies.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 5th day of May, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Even if the EEOC right to sue did, in fact, relate to the instant action, plaintiff has failed to explain why this action should not be dismissed as time-barred, given that he did not file the instant lawsuit until almost four years after the date on the right to sue letter. See 42 U.S.C. § 2000e-5(f) (a plaintiff in a civil action under Title VII has ninety days from receipt of the right to sue letter to file a civil action). Moreover, as noted in the Order to Show Cause, plaintiff's claims against the individual defendants cannot survive under Title VII. See, e.g., Bonomolo-Hagen v. Clay Central-Everly Community School Dist., 121 F.3d 446, 447 (8th Cir. 1997).